UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) PAUL IWUANYANWU and<br>(2) LARRY BROWN, JR.,<br><br>Defendants | Criminal No. 19cr 10119<br><br>Violations:<br><br>Count One: Conspiracy to Commit Wire Fraud<br>(18 U.S.C. § 1349)<br><br>Count Two: Wire Fraud<br>(18 U.S.C. § 1343)<br><br>Count Three: Unlawful Monetary Transactions<br>(18 U.S.C. § 1957)<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 981 (a)(1)(C),<br>28 U.S.C. § 2461)<br><br>Money Laundering Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(1)) |

INDICTMENT

At all times relevant to this Indictment:

General Allegations

1. Defendant Paul IWUANYANWU ("IWUANYANWU") was an individual residing in Medfield, Massachusetts.

2. Defendant Larry BROWN, JR. ("BROWN") was an individual residing in Lafayette, Louisiana.

3. Victim Company 1 was a custom tube and pipe manufacturer based in Illinois. Neither IWUANYANWU nor BROWN has ever worked for, or been affiliated with, Victim Company 1.

1

4. Victim Company 2 was an international ship management company based in Dubai, United Arab Emirates.

5. Victim Company 3 was an international construction company based in Moscow, Russia.

6. At some point prior to or during March 2018, one or more conspirators known and unknown to the grand jury breached the email systems of the victim companies. As part of the breach, one or more of the conspirators placed an unauthorized computer program on the victim companies' systems that diverted company emails through an external email account controlled by the conspirators. As a result, all emails sent by or to the victim companies were first routed through the external email account where conspirators could view the messages. The conspirators could then allow the emails to be sent to the intended recipient or prevent delivery of them. Having visibility into the victim companies' emails also allowed the conspirators to send and respond to emails to and from the victim companies using slightly modified email addresses to make it appear as if the emails were from representatives of the victim companies or companies with whom the victim companies did business, a practice known as "spoofing."

<u>Overview of the Conspiracy and the Scheme to Defraud</u>

7. From at least March 2018 to at least July 2018, as set forth below, BROWN, IWUANYANWU and others unknown to the grand jury conspired to use compromised business email accounts of companies with which they were not affiliated to redirect funds sent to and from those companies to bank accounts they controlled.

### Object and Purpose of the Conspiracy and Scheme to Defraud

8. The object of the conspiracy and scheme to defraud was to commit wire fraud by causing victim companies to send payments to accounts controlled by one or more of the conspirators. The principal purpose of the conspiracy and scheme to defraud was to unlawfully enrich members of the conspiracy.

### Manner and Means of the Conspiracy and Scheme to Defraud

9. Among the manner and means by which BROWN and IWUANYANWU, and one or more co-conspirators unknown to the Grand Jury carried out the conspiracy and the scheme to defraud were the following:

10. One or more of the conspirators intercepted emails to and from the victim companies and then sent emails from spoofed email addresses that looked almost exactly like legitimate email addresses belonging to entities with whom the victim companies did business. For example, the email addresses were altered by one letter from the legitimate email addresses. As a result, recipients of the emails believed the messages were authentic.

11. One or more of the conspirators used their access to the victim companies' email accounts to redirect payments from the victim companies to bank accounts opened and controlled by BROWN and IWUANYANWU.

Acts in Furtherance of the Conspiracy and the Scheme to Defraud

12. On various dates from March 2018 through July 2018, the defendants and one or more co-conspirators unknown to the Grand Jury committed and caused to be committed the following acts, among others, in furtherance of the conspiracy and scheme to defraud:

13. On or about March 16, 2018, BROWN opened a Regions Bank business checking account ending in -6602 in the name of Victim Company 1. In the account opening documents, BROWN listed the entity opening the account as a sole proprietorship and signed as the duly authorized signatory for that entity. BROWN also provided a Harris County, Texas certificate of operation for the business that listed BROWN as the sole owner of the business.

14. On or about May 9, 2018, Victim Company 2 received an email from the captain of a ship that was in route to Turkey requesting that $11,000 be made available upon arrival to pay for the ship's expenses while in port. Victim Company 2's receiving agent in Turkey was copied on the same email. Because Victim Company 2's emails were being routed through an external email account, the conspirators saw this email. Minutes later, a conspirator sent Victim Company 2 an email from a spoofed email address that was similar to the actual receiving agent's email address. That email stated that the receiving agent was unable to receive wires and instructed Victim Company 2 to send the money to the Regions Bank account ending in -6602, which had been opened by BROWN in the name of Victim Company 1.

15. On or about May 14, 2018, by means of the fraudulent email and wire instructions, one or more of the conspirators caused Victim Company 2 to wire $11,335 to the Regions Bank account ending in -6602.

16. On or about May 16, 2018, at a Regions Bank branch in Houston, Texas, BROWN made a $1,000 cash withdrawal and obtained a $9,600 cashier's check using funds from the Regions Bank account ending in -6602. The following day, Victim Company 2 contacted Regions Bank to report that the funds from the May 14, 2018 were obtained by fraud and, on or about May 21, 2018, Regions Bank closed the -6602 account.

17. On or about May 21, 2018, Victim Company 1 sent an email attaching an invoice to Victim Company 3. The invoice was for $884,274 payable pursuant to a contract between the two companies. That email and attachment were redirected to an email account controlled by one or more of the conspirators. One or more of the conspirators then altered the attached invoice to add payment instructions and sent the altered invoice to Victim Company 3 using a spoofed email address similar to an email address used by Victim Company 1. The altered invoice contained instructions for Victim Company 1 to wire payment to the Regions Bank account ending in -6602.

18. On or about July 5, 2018, Victim Company 1 sent its actual wire instructions by email to Victim Company 3 for payment of the May 21, 2018 invoice. One or more of the conspirators intercepted this email and prevented its delivery to Victim Company 3. As a result, Victim Company 3 did not receive the correct wire instructions.

19. On or about July 6, 2018, IWUANYANWU opened an account, ending in -8123, in the name of Victim Company 1 at a Bank of America, N.A. branch in Medfield, Massachusetts, a financial institution insured by the Federal Deposit Insurance Corporation. In the account opening documents, IWUANYANWU listed himself as the owner of the business, sole account holder, and only authorized signer.

20.     On or about July 9, 2018, one or more of the conspirators sent an email to Victim Company 3 (purporting to be from Victim Company 1) with a document entitled "Correct Wire Instructions." These instructions directed Victim Company 3 to send the payment of $884,274 to the Bank of America account ending in -8123 that IWUANYANWU had just opened.

21.     On or about July 10, 2018, a conspirator sent an email to Victim Company 1 (purporting to be from Victim Company 3) stating that Victim Company 3 had received the instructions and apologizing for any delay.

22.     On or about July 16, 2018, Victim Company 3 wired $884,274 from its bank in Russia to the Bank of America account ending in -8123.

23.     On or about July 17, 2018, IWUANYANWU transferred $95,320 from the Bank of America account ending in -8123 to a Citibank, N.A. account in New York held by a Nigerian bank.

## COUNT ONE
Conspiracy to Commit Wire Fraud
(18 U.S.C. § 1349)

The Grand Jury charges:

24.   The Grand Jury re-alleges and incorporates by reference paragraphs 1-23 of this Indictment.

25.   From at least March 2018 through at least July 2018, in the District of Massachusetts, and elsewhere, the defendants,

> (1) PAUL IWUANYANWU and
> (2) LARRY BROWN, JR.,

conspired with each other and with others known and unknown to the Grand Jury to commit wire fraud, that is, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, did transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures and sounds, for the purpose of executing the scheme to defraud, in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO
## Wire Fraud
## (18 U.S.C. § 1343)

The Grand Jury further charges:

26. The Grand Jury re-alleges and incorporates by reference paragraphs 1-23 of this Indictment.

27. On or about July 16, 2018, in the District of Massachusetts, and elsewhere, the defendants,

(1) PAUL IWUANYANWU and
(2) LARRY BROWN, JR.,

having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, did transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures and sounds, for the purpose of executing the scheme to defraud, that is, an international wire transfer in the amount of $884,274 to Bank of America account ending in -8123 in Massachusetts.

All in violation of Title 18, United State Code, Section 1343.

## COUNT THREE
## Unlawful Monetary Transactions
## (18 U.S.C. § 1957)

The Grand Jury further charges:

28. The Grand Jury re-alleges and incorporates by reference paragraphs 1-23 of this Indictment.

29. On or about July 17, 2018, in the District of Massachusetts and elsewhere, the defendant,

(1) PAUL IWUANYANWU,

knowingly engaged and attempted to engage in a monetary transaction in criminally derived property of a value greater than $10,000, that is, a wire transfer of $95,320, where such property was derived from specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, as charged in Count Two.

All in violation of Title 18, United States Code, Section 1957.

## WIRE FRAUD AND WIRE FRAUD CONSPIRACY FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The Grand Jury further finds that:

30. Upon conviction of the offense of conspiracy to commit wire fraud and wire fraud counts in violation of Title 18, United States Code, Sections 1349 and 1343, set forth in Counts One and Two of this Indictment, the defendants,

      (1) PAUL IWUANYANWU and
      (2) LARRY BROWN, JR.,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following assets:

    a. $884,274.00 in United States Currency, seized from Bank of America account ending in 8123.

31. If any of the property described in Paragraph 30, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 30 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

## MONEY LAUNDERING FORFEITURE ALLEGATION
### (18 U.S.C. § 982(a)(1))

32.  Upon conviction of the offense in violation of Title 18, United States Code, Section 1957, set forth in Count Three of this Indictment, the defendant,

(1)  PAUL IWUANYANWU,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, and any property traceable to such property.

33.  If any of the property described in Paragraph 32, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 32 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL

_____
FOREPERSON

_____
SARA MIRON BLOOM
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: April 9, 2019
Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK

12:56 p.m.
4/9/19