UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
19-CR-10119-DJC

UNITED STATES OF AMERICA

v.

PAUL IWUANYANWU

ORDER AND
<u>FINAL STATUS REPORT</u>

March 6, 2020

KELLEY, M.J.

Defendant had a final status conference scheduled for March 9, 2020. The parties agree that the case should be sent to the District Court for a pretrial conference. (#68.) Defendant will file motions under Fed. R. Crim.P. 12(b) on or before April 9, 2020.

Discovery is complete. Expert discovery will be provided by the government thirty days before trial and by defendant, 15 days before trial. Defendant will not raise a defense of insanity or public authority. If a trial is held it will take one to two weeks.

With the agreement of the parties, this court finds and concludes, pursuant to the provisions of 18 U.S.C. § 3161(h)(8) and Section 5(b)(7) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective December 2008), that the interests of justice, i.e., for defendant and the government to continue preparing the case, outweigh the best interests of the public and the defendant for a trial within seventy days of defendant's arraignment.

Accordingly, it is hereby ordered that the Clerk of this Court enter excludable time for the period of March 9, 2020 to the date the parties appear before the District Court under the Speedy Trial Act.[1]

          / s /Page Kelley
          M. Page Kelley
          UNITED STATES MAGISTRATE JUDGE

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. March 31, 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).