UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) <br> ) CRIMINAL NO. 19 CR 10119-DJC <br> ) |
| v. | ) <br> ) |
| PAUL IWUANYANWU, <br>       Defendant. | ) <br> ) <br> ) <br> ) |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S SECOND MOTION TO MODIFY CONDITIONS OF RELEASE TO TRAVEL TO NIGERIA

The United States hereby opposes the Defendant's Second Motion to Modify Conditions of Release to Allow Travel (Dkt. #186) (the "Motion"). This Court previously denied Defendant's First Motion to Travel to Nigeria. (Dkt. # 134, 136).

The United States opposes the Motion because the Defendant is a significant flight risk and as his Motion demonstrates, he has strong connections to Nigeria. The Defendant argues that he should be allowed to attend the funeral services for his father-in-law and to see his wife. The United States submits that even if the basis for the request is true, it is simply not a sufficient reason to allow an admitted felon to leave the United States and travel to his native country.

Now that he has pleaded guilty, the Defendant presents an even greater risk of flight since he faces the almost certain prospect of significant jail time. The Defendant has admitted to a crime that involves the laundering of funds to himself and co-conspirators in Nigeria—the very place that he has requested to travel. For example, during the course of the business email compromise scheme admitted to by the Defendant, he transferred at least $95,320 of stolen funds to Nigeria. Ultimately, the

scheme was uncovered, and those funds did not reach Nigeria. However, based upon messages from the Defendant's telephone discussing other transactions, there is reason to believe that the Defendant has been able to move stolen funds for himself and his family to Nigeria. As his motion indicates, he now has a spouse in Nigeria and is no longer married to anyone in the United States. The defendant would have strong reasons not to return to serve his likely significant jail sentence and ample connections in Nigeria, and possibly proceeds from his frauds previously transferred to accounts in Nigeria that he could access.

In addition, such international travel is particularly inappropriate in the time of the COVID-19 pandemic. The extended travel to Nigeria to visit family and resulting exposures to many people across multiple countries is inconsistent with minimizing risks from COVID-19 during a pandemic and prior to sentencing. There is also the uncertainty of travel restrictions that may be imposed that could affect his ability to return to the United States.

For all of these reasons, the United States respectfully submits that Defendant's Motion to Modify Conditions of Release to Travel must be denied.

                                            Respectfully submitted,

                                            NATHANIEL R. MENDELL
                                            Acting United States Attorney

By:    /s/ *Sara Miron Bloom*
        SARA MIRON BLOOM
        Assistant United States Attorney
        John Joseph Moakley United States Courthouse
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        (617) 748-3265

Dated: November 23, 2021

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                            /s/ *Sara Miron Bloom*
                                            Sara Miron Bloom
                                            Assistant United States Attorney

Date: November 23, 2021