UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 19-CR-10119-DJC |
| ) | |
| PAUL IWUANYANWU, ) | |
| Defendant. ) | |

### UNITED STATES' RESPONSE TO THE SEPTEMBER 26, 2022 FILING OF INTECO TUBING LLC

The United States of America, by its attorney, Rachael S. Rollins, United States Attorney for the District of Massachusetts, respectfully submits this response to the Inteco Tubing LLC's ("Inteco") filing (docketed on September 26, 2022, Docket No. 248), pursuant to the court order dated September 26, 2022 providing for responses by October 9, 2022 (Docket No. 249).

As an initial matter, no one, and especially not the government, disputes that Inteco is a victim of the fraud perpetrated here—it is for this reason that the government requested that Inteco be included for restitution in this case and also suggested that Inteco file a petition for remission regarding the forfeited funds, which it did. What the government believes is misunderstood is the mechanisms available for returning the seized (and now forfeited) funds to a fraud victim—namely that the process is a matter for the Attorney General or his designee at the Money Laundering and Asset Recovery Section (MLARS) of the Department of Justice to decide through remission and or restoration *after* entry of a final order of forfeiture, and not for the Court to decide. *See* 21 U.S.C. § 853(i).

The undersigned Assistant United States Attorney submitted information on Inteco's Petition for Remission to MLARS on July 28, 2022, the day after the Court endorsed the Final Order of Forfeiture, including the Final Order of Forfeiture of the $884,274, information from

the investigating agency, the Department of Homeland Security – Homeland Security Investigations, and other court filings and information necessary for MLARS to complete its review of Inteco's Petition for Remission.  MLARS is currently reviewing Inteco's Petition for Remission, pursuant to governing regulations, 28 C.F.R. Part 9.

The parameters of the remission process are set forth in statutes and regulations. Pursuant to 21 U.S.C. § 853(i)(1), as incorporated by 28 U.S.C. § 2461(c), after property is forfeited, the Attorney General is authorized to grant petition for remission of forfeited property to victims of a defendant's crimes.  The statute explicitly states that the Attorney General's authority applies "with respect to property ordered forfeited."  21 U.S.C. § 853(i).  Obtaining a final order of forfeiture is thus a necessary prerequisite before the Attorney General or his designee can issue decision on a petition for remission to a crime victim.  *See, e.g., id.; see also United States v. Bulger*, No. 99-cr-10371-DJC, 2013 WL 6017351, at *2 (D. Mass. Nov. 13, 2013) ("'it is clear that the government may, in appropriate circumstances, agree to restore or assign forfeited proceeds to the victims of the underlying criminal conduct' and that the government's election to do so is a matter of its discretion") (emphasis added) (quoting *United States v. O'Connor*, 321 F. Supp. 2d 722, 729 (E.D. Va. 2004)).

The regulations governing petitions for remission for victims are found at 28 C.F.R. § 9.8.  As the property, $884,274, was subject to criminal judicial forfeiture, the deciding official for a petition for remission is the Attorney General.  *See* 28 C.F.R. § 9.8(a)(1), referring to § 9.4(e).  The authority to grant remission is delegated to the Chief of MLARS or their delegee.  28 C.F.R. § 9.1(b)(2) & (3).  In addition, as set forth in 28 C.F.R. § 9.4(f), upon receipt of a petition, the U.S. Attorney shall direct the seizing agency to investigate the merits of

the petition and provide a recommendation, which the U.S. Attorney shall forward to MLARS, along with the U.S. Attorney's recommendation.   These steps have all been completed.

Neither the statute, 21 U.S.C. § 853(i)(1), nor the regulations, 28 C.F.R. § 9.1 *et seq.*, provide any role for the United States District Court in the granting of a petition for remission. Accordingly, it is entirely unnecessary for the Petition for Remission to be docketed with the Court.   No waiver occurs if the Petition for Remission is not docketed with the Court because remission is not a matter for the Court to decide.

The government has had numerous discussions with Inteco, both in aid of the prosecution of this case, but also regarding the process of returning funds to Inteco.   Among many communications, both written and via telephone and video conference, the undersigned AUSA provided an overview of the process of filing a petition for remission and a restoration request (*see* attached April 15, 2022 email at Exhibit A); and scheduled a conference call with Inteco on June 17, 2022, prior to filing the Motion for a Final Order of Forfeiture, to discuss Inteco's request to docket its Petition for Remission with the Court, and why, in the undersigned AUSA's opinion, it should not be docketed with the Court—which the AUSA received written confirmation back agreeing not to docket it (*see* attached June 23-24, 2022 email thread at Exhibit B).   After Inteco recently contacted the U.S. Attorney's Office with their renewed request to docket the Petition for Remission, the undersigned AUSA responded (*see* attached September 20, 2022 email at Exhibit C), requested to hold a conference call, and provided a written response in an attempt to address Inteco's concerns (*see* attached September 26, 2022 email and letter at Exhibit D).   As recently as Friday, October 7, 2022, the undersigned AUSA requested a meeting with Inteco and a representative of MLARS for the purpose of understanding Inteco's ownership to determine whether U.S. sanctions laws would be an

impediment to returning funds to Inteco once MLARS makes a decision on the Petition for Remission[1] (*see* attached October 7, 2022 email at Exhibit E).

In a September 26, 2022 letter to Inteco's counsel (Exhibit D), the undersigned AUSA also attempted to explain why the judicial forfeiture proceedings should not be reopened, writing:

> Let me provide additional explanation for why I did not think the Petition for Remission should be docketed with the Court – in addition to the fact that a Petition for Remission is decided by the MLARS, not the Court. The purpose of judicial forfeiture proceedings, pursuant to 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2(c), is to determine ownership of the property being forfeited. While I understand that Inteco contends that it is the owner and a victim, under forfeiture law, it is a victim, but not an owner of the $884,274. In judicial forfeiture proceedings (known as ancillary proceedings), victims of fraud schemes are not considered owners. *See, e.g., United States v. $7,599,358.09*, 2011 WL 3611451, at *3 (D.N.J. Aug. 15, 2011) ("In surrendering their money … the Claimants lost any ability to withdraw their money or control its use. As such, the Claimants in this case are unsecured general creditors of the seized property who have no standing to challenge the property's seizure" or forfeiture) (citations omitted); *United States v. 8 Gilcrease Lane, Quincy Fla., 32351*, 641 F. Supp. 2d 1, 5 (D.D.C. 2009) ("Fraud victims who voluntarily transfer their property to their wrongdoers do not retain a legal interest in their property; instead, such victims acquire a debt against their wrongdoers.") (citations omitted); *United States v. BCCI Holdings, Luxembourg, S.A.*, 69 F. Supp. 2d 36, 59 (D.D.C. 1999) ("A fraud victim who voluntarily transferred property to the defendant has a cause of action in tort against the defendant but has no greater interest in the forfeited property than does any other general creditor. Title to the funds in question no longer belongs to the victim; it belongs to the defendant."). Accordingly, if the Petition for Remission were docketed and treated as a claim in the ancillary proceeding concerning the forfeiture of the $884,274, I believe I would be obligated to oppose Inteco's ownership claim before the Court, which would delay the entry of the Final Order of Forfeiture, which again is necessary before MLARS will rule on the Petition for Remission.

---

[1] To be clear, in this case, it does not appear that current U.S. sanctions law would be a basis to deny the Petition for Remission, but those sanctions could be an impediment to returning any remitted funds at the current time; however, additional information is needed to make that determination.

On October 7, 2022, Inteco filed a motion to set aside the forfeiture order (Docket No. 250).[2] The United States intends to file a response within fourteen days, as allowed by the Local Rule 7.1(b)(2).

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ *Carol E. Head* |
|  | CAROL E. HEAD |
|  | Assistant United States Attorney |
|  | United States Attorney's Office |
|  | 1 Courthouse Way, Suite 9200 |
|  | Boston, MA 02210 |
|  | (617) 748-3100 |
| Dated: October 9, 2022 | carol.head@usdoj.gov |

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the notice of electronic filing (NEF) and a copy was sent by email to Attorney George Lambert, counsel for Inteco Tubing LLC. October 9, 2022.

/s/ *Carol E. Head*
CAROL E. HEAD
Assistant United States Attorney

---

[2] Due to ECF maintenance, the undersigned AUSA was not able to view the filing until the morning of October 9, 2022.